MBHDDONP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                       22 Cr. 192 (JSR)

ANDREW DONE,

                                   Plea
        Defendant.
------------------------------x

                                  New York, N.Y.
                                  November 17, 2022
                                  2:00 p.m.

Before:

                  HON. JED S. RAKOFF,

                                U.S. District Judge

                    APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
ADAM HOBSON
     Assistant United States Attorney

JOHN ANTHONY DIAZ
MARK DIMARCO
     Attorneys for Defendant


ALSO PRESENT:  Gabriel Mitre (Interpreter, Spanish)

MBHDDONP

1          (Case called; appearances noted)
2          THE COURT:  Good afternoon.
3          Alright.  My understanding is that the defendant
4   wishes to withdraw his previous plea of not guilty and plead
5   guilty to Count 1 of indictment 22 CR 192.
6          Is that right?
7          MR. DIAZ:  That is correct, your Honor.
8          THE COURT:  Place the defendant under oath.
9          (Defendant sworn)
10         THE COURT:  So, Mr. Done, let me first advise you that
11  because you're under oath, anything that you say that is
12  knowingly false could subject you for punishment for perjury or
13  obstruction of justice or the making of false statements.
14         Do you understand that?
15         THE DEFENDANT:  Yes.
16         THE COURT:  And where are you from originally?
17         THE DEFENDANT:  Dominican.
18         THE COURT:  Are you an American citizen?
19         THE DEFENDANT:  Yes.
20         THE COURT:  How old are you now?
21         THE DEFENDANT:  I'm 23, going on 24 next month.
22         THE COURT:  And how far did you go in school?
23         THE DEFENDANT:  Until the ninth grade of high school.
24         THE COURT:  Now, have you ever been treated by a
25  psychiatrist or psychologist?

1          THE DEFENDANT:  Yes.
2          THE COURT:  And without going into details, what was
3   the general nature of that?
4          THE DEFENDANT:  Mental problems.
5          THE COURT:  Well, when was it that you were treated?
6          THE DEFENDANT:  Since I was little.
7          THE COURT:  And is it still going on, that treatment?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Are you taking any medications in that
10  regard?
11         THE DEFENDANT:  Yes.
12         THE COURT:  And what medications are you taking?
13         THE DEFENDANT:  For schizophrenia, for my nerves, and
14  for high blood pressure.
15         THE COURT:  And have you taken them in the last 24
16  hours?
17         THE DEFENDANT:  Yes.
18         THE COURT:  And do any of those medications either
19  alone or in combination affect your ability to understand these
20  proceedings?
21         THE DEFENDANT:  No.  No.
22         THE COURT:  Now, have you ever been hospitalized for
23  any mental illness?
24         THE DEFENDANT:  Yes.  When I was little, in school, I
25  tried to kill myself.

1         THE COURT:  And have you ever been treated or
2    hospitalized for drug addiction?
3         THE DEFENDANT:  No.
4         THE COURT:  Have you ever been treated or hospitalized
5    for alcoholism?
6         THE DEFENDANT:  No.
7         THE COURT:  In addition to the psychological issues
8    that we talked about, are there any physical issues for which
9    you're being treated by a doctor?
10        THE DEFENDANT:  I didn't understand the question.
11        THE INTERPRETER:  The interpreter offers to repeat it.
12        THE COURT:  I'll rephrase it.
13        So we talked before about the psychological issues
14   that you take medication for, but now I'm wondering is there
15   anything else in the way of health issues, anything that you're
16   being treated for by a doctor other than psychological issues?
17        THE DEFENDANT:  No.  No.
18        THE COURT:  Is your mind clear today?
19        THE DEFENDANT:  Yes.
20        THE COURT:  Do you understand these proceedings?
21        THE DEFENDANT:  Yes.
22        THE COURT:  On the basis of the defendant's responses
23   to my questions and my observations of his demeanor, I find
24   that he is fully competent to enter an informed plea at this
25   time.

1             Now, Mr. Done, you have a right to be represented by
2    counsel at every stage of these proceedings.
3             Do you understand that?
4             THE DEFENDANT:  Yes.
5             THE COURT:  If at any time you can't afford counsel,
6    the Court will appoint one to represent you free of charge
7    throughout these proceedings.
8             Do you understand that?
9             THE DEFENDANT:  Yes, Judge.
10            THE COURT:  So you're represented by Mr. Diaz and
11   Mr. DiMarco.
12            Let me ask those two gentlemen, are you retained or
13   appointed?
14            MR. DIAZ:  Your Honor, we are appointed pursuant to
15   the CJA panel.
16            THE COURT:  So, Mr. Done, are you satisfied with their
17   representation of you?
18            THE DEFENDANT:  Yes.
19            THE COURT:  Have you had a full opportunity to discuss
20   this matter with them?
21            THE DEFENDANT:  Yes.
22            THE COURT:  Have you told them everything you know
23   about this matter?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Now, you were charged in indictment 22 CR

1   192 with a variety of serious charges and you pled not guilty,
2   but my understanding is that you now wish to plead guilty to
3   Count 1, which charges you with conspiring or, in other words,
4   agreeing with others to participate in the conduct of something
5   called the Shooting Boys street gang through a pattern of
6   racketeering activity.
7             Have you gone over that charge with your counsel?
8             THE DEFENDANT:  Yes, Judge.
9             THE COURT:  Was it read to you in Spanish?
10            THE DEFENDANT:  Yes.
11            THE COURT:  Let me ask counsel, do you want Count 1
12  re-read at this time or do you waive the public reading?
13            MR. DIAZ:  Waive the public reading, your Honor.
14            THE COURT:  Now, before I can accept any plea of
15  guilty, Mr. Done, I need to make sure that you understand the
16  rights you will be giving up, so I want to go over with you now
17  the rights that you will be giving up.
18            Do you understand that?
19            THE DEFENDANT:  Yes.
20            THE COURT:  First, you have a right to a speedy and a
21  public trial by a jury on the charges against you.
22            Do you understand that?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Second, if there were a trial, you would
25  be presumed innocent and the government would be required to

1  prove your guilt beyond a reasonable doubt before you could be
2  convicted of any charge.
3          Do you understand that?
4          THE DEFENDANT:  Yes.
5          THE COURT:  Third, at the trial you'd have the right
6  to be represented by counsel, and, once again, if you still
7  could not afford one, the Court would continue the
8  representation of you by Mr. Diaz and Mr. DiMarco free of
9  charge throughout the trial and all other proceedings.
10          Do you understand that?
11          THE DEFENDANT:  Yes.
12          THE COURT:  Fourth, at the trial you would have the
13  right to see and hear all of the witnesses and other evidence
14  against you, and your attorney could cross-examine the
15  government's witnesses and object to the government's evidence
16  and offer evidence on your own behalf if you so desire, and
17  could have subpoenas issued to compel the attendance of
18  witnesses and other evidence on your behalf.
19          Do you understand all that?
20          THE DEFENDANT:  Yes.
21          THE COURT:  Fifth, at the trial you would have the
22  right to testify if you wanted to, but no one could force you
23  to testify if you did not want to, and no suggestion of guilt
24  could be drawn against you simply because you chose not to
25  testify.

MBHDDONP

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Finally, even if you were convicted of one
4  or more charges, you would have the right to appeal your
5  conviction.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Now, do you understand, if you plead
9  guilty, you will be giving up each and every one of those
10 rights we discussed?

11         Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Very good.

14         Now, the maximum punishment you face if you plead
15 guilty to Count 1, and include the sentencing factors listed in
16 paragraphs 10 through 13, is life imprisonment, with up to five
17 years of supervised release to follow any term of imprisonment
18 I impose, plus a fine of whichever is greatest, either $250,000
19 or twice the amount derived from the conspiracy or twice of
20 pecuniary loss of any victims of the conspiracy, plus a $100
21 mandatory special assessment.

22         Do you understand those are the maximum punishments
23 you face if you plead guilty to Count 1?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Also, do you understand if I impose some

MBHDDONP

period of years in prison and then follow it up with some period of time of supervised release, and you were to violate the terms of supervised release, that could subject you to still further imprisonment going even beyond the term of supervised release?

Do you understand that?

THE DEFENDANT:  Yes, Judge.

THE COURT:  Now, of course at this point I have no idea what sentence I will impose, but one of the things I will look at are the sentencing guidelines, which are certain laws that are not binding on the Court but that recommend a range in which the Court may consider sentencing you.

Have you been over the guidelines with your counsel?

THE DEFENDANT:  Yes.

THE COURT:  In that regard, I've been furnished with a letter agreement which we will now mark as Court Exhibit 1 to today's proceeding, and it takes the form of a letter dated September 16, 2022, from government counsel to defense counsel.

It appears, Mr. Done, that you signed it earlier today; is that right?

THE DEFENDANT:  Yes.

THE COURT:  Before you signed it, was it read to you in Spanish?

THE DEFENDANT:  Yes.

THE COURT:  Did you go over it with your lawyers?

MBHDDONP

1           THE DEFENDANT:  Yes.

2           THE COURT:  Did you understand its terms?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Did you sign it in order to indicate your
5    agreement to its terms?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Now, this letter agreement which I've now
8    marked as Court Exhibit 1 is binding between you and the
9    government, but it is not binding on the Court.

10          Do you understand?

11          THE DEFENDANT:  Yes.

12          THE COURT:  For example, the agreement says that you
13   and the government have stipulated that the guideline
14   calculation is life imprisonment.  I may agree with that or I
15   may disagree with that.  Even if I agree that that's the right
16   calculation, I may sentence you to less or the same, and
17   regardless of where I come out, if you plead guilty, you will
18   still be bound by my sentence.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  More generally, do you understand that if
22   anyone has made any promise or prediction or estimate or
23   representation to you of what your sentence will be in this
24   case, that person could be wrong, and, nevertheless, if you
25   plead guilty, you will still be bound by my sentence.

MBHDDONP

1            Do you understand that?
2            THE DEFENDANT:  Yes.
3            THE COURT:  Does the government represent that this
4    letter agreement is the entirety of any and all agreements
5    between the government and Mr. Done?
6            MR. HOBSON:  It does, Your Honor.
7            THE COURT:  Does defense counsel confirm that is
8    correct?
9            MR. DIAZ:  Yes, your Honor.
10           THE COURT:  Mr. Done, do you confirm that is correct?
11           THE DEFENDANT:  Yes.
12           THE COURT:  Mr. Done, other than the government, has
13   anyone else made any kind of promise to you or offered you any
14   inducement to get you to plead guilty?
15           THE DEFENDANT:  No.
16           THE COURT:  Has anyone threatened or coerced you in
17   any way to get you to plead guilty?
18           THE DEFENDANT:  No.
19           THE COURT:  Does the government represent that if this
20   case were to go to trial, it could, through competent evidence,
21   prove every essential element of this count beyond a reasonable
22   doubt?
23           MR. HOBSON:  It does, your Honor.
24           THE COURT:  Does defense counsel know of any valid
25   defense that would likely prevail at trial or any other reason

1     why your client should not plead guilty?

2             MR. DIAZ:  I do not, your Honor.

3             THE COURT:  Then, Mr. Done, please tell me in your own

4     words what you did that makes you guilty of this charge.

5             THE DEFENDANT:  From in or about 2017 until my arrest

6     in 2022, I was a member of a -- I'm sorry, in the Southern

7     District of New York and elsewhere, I was a member of and

8     associated with the enterprise charged in Count 1 of the

9     indictment known as the Shooting Boys.  During that time, to

10    maintain or to further my position as a member of the

11    organization and to its goals, I participated in or assisted

12    other members in committing different criminal acts which I

13    knew to be illegal at the time of their commission.  All of

14    these acts were either directly or indirectly designed to earn

15    money, to enhance my reputation, and to further the goals of

16    the enterprise.  And my participation was knowing and

17    voluntary.

18            These criminal acts included the following:  On

19    November 5, 2020, in the Bronx, I intentionally possessed and

20    fired several shots from an unlicensed handgun at a rival gang

21    member named Angel Barreiro resulting in his death.  Also, from

22    in or about 2017 until my arrest in 2022, I agreed with other

23    members of my enterprise to possess and to distribute

24    controlled substances, such as cocaine, which I knew were

25    illegal to possess and to sell.

1    I knowingly, voluntarily and intentionally
2    participated in the aforementioned crimes, which were designed
3    to further the objectives and to further or maintain my
4    standing in the enterprise.
5             THE COURT:  Is there anything else regarding the
6    factual portion of the allocution that the government wishes
7    the Court to inquire about?
8             MR. HOBSON:  No, your Honor.  But with respect to the
9    plea agreement, we would ask that the Court allocute the
10   defendant on the provisions of the plea agreement.
11            THE COURT:  I'm sorry.  I'm having --
12            MR. HOBSON:  We would ask the Court to allocute the
13   defendant on the provisions of the plea agreement in which he
14   agrees not to appeal any sentence at or below the stipulated
15   guidelines.
16            THE COURT:  Yes.  So, Mr. Done, one thing I meant to
17   mention earlier, because you're not an American -- well, you
18   are an American citizen.  Forgive me.  There's a reference in
19   the plea agreement to the possibility of what might happen if
20   you were not, but since you are an American citizen, that is
21   irrelevant.
22            But under your agreement with the government, you have
23   agreed that if I do sentence you to life imprisonment or less,
24   you have agreed not to appeal your sentence or otherwise attack
25   your sentence.

MBHDDONP

1       Do you understand that?
2       THE DEFENDANT:  Yes.
3       THE COURT:  Alright.  Anything else from the
4  government?
5       MR. HOBSON:  No.  Thank you, Judge.
6       THE COURT:  Anything from defense counsel?
7       MR. DIAZ:  No, your Honor.
8       THE COURT:  Mr. Done, in light of everything we've now
9  discussed, how do you now plead to Count 1 of indictment 22 CR
10  192, guilty or not guilty?
11       THE DEFENDANT:  Guilty.
12       THE COURT:  Because the defendant has acknowledged his
13  guilt as charged, because he has shown he understands his
14  rights, and because his plea is entered knowingly and
15  voluntarily and supported by an independent basis in fact
16  containing each of the essential elements of the offense, I
17  accept his plea and adjudge him guilty of Count 1 of indictment
18  22 CR 192.
19       Now, Mr. Done, the next stage in this process is that
20  the Probation Office will prepare what's called a presentence
21  report to assist me in determining sentence, and as part of
22  that, you will be interviewed by the probation officer.  You
23  can have your counsel present with you to advise you of your
24  rights, but under my practices, you personally need to answer
25  the questions put to you by the probation officer.

1           Do you understand that?

2           THE DEFENDANT:  Yes, Judge.

3           THE COURT:  After that report is in draft form but
4  before it's in final form, you and your counsel, also
5  government counsel have a chance to review it and to offer
6  suggestions, corrections, and additions directly to the
7  probation officer, who will then prepare the report in final to
8  come to me.  Independent of that, counsel for both sides are
9  hereby given leave to submit directly to the Court in writing
10 any and all material bearing on any aspect of sentencing
11 provided those materials are submitted no more than one week
12 before sentence.

13          We will put the sentence down for --

14          THE DEPUTY CLERK:  Friday, February 17, at 4:00.

15          THE COURT:  Friday, February 17, at 4:00 p.m.

16          Alright.  Is there anything else either counsel needs
17 to raise?

18          For the government?

19          MR. HOBSON:  Your Honor, to the extent the government
20 would like to provide the Court with video in support of its
21 sentencing submission, what form would that take?

22          THE COURT:  The relevant persons to consult on that
23 are people with technological knowledge, which of course
24 excludes the Court, but talk to either my courtroom deputy or
25 my law clerk.

MBHDDONP

1        MR. HOBSON:  Thank you, Judge.
2        THE COURT:  Anything else from defense counsel?
3        MR. DIAZ:  No, your Honor.
4        THE COURT:  Very good.  Thanks a lot.
5        (Adjourned)