

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 2, 2023

**VIA EMAIL**

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Andrew Done*, 22 Cr. 192 (JSR)

Dear Judge Rakoff:

      The Government writes in response to the defendant's *pro se* letter to the Court, distributed to the parties on July 19, 2023, and in accordance with the Court's order of the same day directing the Government to respond. Although not entirely clear, it appears that the defendant seeks to withdraw his plea of guilty and/or have his sentence reduced or modified in some way. For the reasons more fully described below, the Government respectfully requests that the Court reject the defendant's application on the following bases: (1) because the defendant has filed a timely notice of appeal, the Court lacks jurisdiction to consider the defendant's post-judgment motion; and (2) under Fed. R. Crim. P. 11(e), a defendant may not withdraw a plea of guilty after the Court has imposed sentence.

## Background

      On March 29, 2022, the defendant, along with nine others, was charged in a fifteen-count indictment with various racketeering offenses, including the November 5, 2020 murder of Angel Barreiro. The defendant pleaded guilty to a single count of racketeering conspiracy on November 17, 2022, pursuant to a plea agreement with the Government. During the plea proceeding, the defendant confirmed, under oath, that he:

- Was satisfied with counsel's representation (Tr. 5:16-18);
- Reviewed the terms of his plea agreement and understood its terms (*id.* at 9:15-10:3);
- Understood that the maximum sentence of imprisonment he faced was life (*id.* at 8:14-24);
- Agreed not to appeal his sentence or otherwise attack it if he was sentenced to a term of imprisonment up to life (*id.* at 13:22-14:2);
- Understood that he was bound by the sentence the Court imposed regardless of "any promise or prediction or estimate or representation" of what his sentence might be. (*id.* at 10:21-11:02); and
- Was not "threatened or coerced … in any way" to plead guilty (*id.* at 11:16-18).

The defendant then allocated to, among other things, his participation in the Barreiro murder. (*Id.* at 12:5-13:4).

On February 22, 2023, the defendant was sentenced by Your Honor to a Guidelines term of thirty-five years' imprisonment. (Dkt. No. 152). On March 2, 2023, the defendant filed a timely notice of appeal, which is currently pending before the Second Circuit.[1]

### The District Court Lacks Jurisdiction

To the extent the defendant seeks to withdraw his plea or modify his sentence, the Government respectfully submits that the Court lacks jurisdiction to grant the relief the defendant seeks.

A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989) (explaining that *Griggs* "applies in criminal cases"). However, pursuant to Rule 37(a), the Court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). This rule "allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." *United States v. Martin*, No. 18 Cr. 834 (PAE), 2020 WL 1819961, at *2 (Apr. 10, 2021). The advisory committee notes to Rule 37 list three types of motions for which the drafters anticipated that Rule 37 would be "used primarily if not exclusively" – motions under Rule 33(b)(1) (newly discovered evidence), Rule 35(b) (substantial assistance), and 18 U.S.C. § 3582(c) (compassionate release). Advisory Committee Note 2012. The defendant's application does not fall into any of these categories.

Although the Second Circuit has determined that district courts are not precluded from "correcting clerical errors ... or from acting to aid the appeal" after an appeal is filed, they are precluded from making "substantive modifications of judgments." *United States v. Jacques*, 6 F.4th 337, 343-44 (2d Cir. 2021). The defendant's application makes clear his dissatisfaction with his decision to plead guilty and the resulting sentence. *See* Def. Letter at 1 ("They told me if I accepted that guilty plea that you would take my mental problems into consideration and you would sentence me to fifteen years imprisonment."). The relief the defendant appears to seek—sentence reduction and/or withdrawal of his guilty plea—is exactly the type "substantive modification of judgment" that is precluded by the rule in *Griggs* and that divests the Court of jurisdiction because an appeal is pending in this case.

### Rule 11(e) Bars the Withdrawal of Defendant's Guilty Plea

Similarly, should the defendant's application be construed as a request to withdraw his guilty plea, the strictures of Rule 11(e) expressly bar the granting of such relief. Rule 11(e) provides that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty

---

[1] On March 31, 2023, the defendant was assigned new counsel, pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. Nicholas J. Pinto, Esq. now represents the defendant in his appeal.

or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." It is, of course, a matter of record that the defendant's sentence has been imposed. This alone is sufficient to deny the defendant's request.

Even if the defendant's sentence had not been imposed, it is a well-established principle that "a defendant has no absolute right to withdraw his plea of guilty." *United States v. Avellino*, 136 F.3d 249, 261 (2d Cir.1998). The defendant is unable to sustain his burden of showing that a "fair and just" reason exists for permitting the withdrawal of the plea and that such reason was not outweighed by any prejudice to the Government. *Id.* at 262. In determining whether fair and just grounds exist, a court typically considers: (1) defendant's proffered reasons; (2) whether there has been an assertion of legal innocence; (3) the amount of time that has elapsed between the plea and the motion; and (4) whether the government would be prejudiced by the motion. With this exacting standard in mind, the defendant's mere "change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzales*, 970 F.2d 1095, 1100 (2d Cir. 1992).

For the reasons cited above, the Government respectfully submits that the Court should deny the defendant's requested relief.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Dominic A. Gentile
James Ligtenberg
Assistant United States Attorneys
(212) 637-2567/2665

cc: Counsel of Record, (Via Email)